EMILY C. ROWE, EXECUTRIX, ETC., RESPONDENTS, v.
HARRY A. HANNUM ET AL.. APPELLANTS.

Submitted July 9, 1917—Decided November 19, 1917.

A bond was executed by the defendants to secure payment of a prom-
issory note by a beneficial society, which note matured and was
renewed and was finally paid by the plaintiffs. Upon the trial
defendants sought to prove fraud and misrepresentations regard-
ing the financial and legal standing of the beneficial society of
which the parties to the suit were members, and the taking over
of which by defendants formed the consideration for the note.
The trial court after the testimony was in, struck out the de-
fences, upon the ground that no fraud or misrepresentation was
shown. *Held*, that the action of the trial court was proper, since
mere expressions of opinion by individual members of the society
as to the society's standing and future were not sufficient to con-
stitute either fraud or misrepresentation where the defendants
occupied a status in nowise different from the plaintiffs as mem-
bers of the society, and were in a position to fully inform them-
selves as to the facts and to base their judgment thereon.

On appeal from the Mercer County Circuit Court.

For the respondents, *Barton B. Hutchinson* and *W. Holt Apgar*.

For the appellants. *John A. Hartpence*.

The opinion of the court was delivered by

MINTURN, J. It was alleged in the complaint, that the
defendants on July 29th, 1909, executed to the plaintiffs
their bond in the sum of $5,800, the consideration of which
recited that the defendants, with another, were joint makers
of a promissory note for $2,900 payable three months after
date, to the order of The Foresters Benefit Society of Tren-
ton, endorsed by F. W. Rowe, J. F. Newton and the Foresters
Society by F. W. Rowe, its president, and discounted by the
First National Bank of Trenton, for the benefit of the
society; the purpose of the bond being to save the endorsers

harmless and to protect them against the payment of the note or any part thereof. That when the note matured it was renewed at its face for another period of three months; at the end of which period it was not met by the makers, but was paid in full by the plaintiffs, by reason of which this cause of action arose on the bond. Three of the defendants answered alleging *inter alia,* false representations by the plaintiffs, as to the general character, powers and objects of the society, a failure of consideration, and a denial that plaintiffs paid the note. The trial court overruled the defendants' defence and the appeal is directed to this action of the trial court.

We think from our view of the testimony, as well as from the agreement between the parties executed upon the same day as the bond, that all the parties in interest were fully aware of the financial standing and legal status of the society, at the time the note was given and the bond executed. They had before them a statement of the indebtedness of the society, which showed that the capital had been depleted to at least $900, and that the defendants were aware that they were taking over a corporation with a cash deposit in bank of only that amount, and an indebtedness on this note of $2,900.

The statements of one or more of the plaintiffs that the society offered a great opportunity to make money and other like statements were mere expressions of opinion, which could not deceive the defendants, since the facts were fully within their knowledge and readily obtainable from the public records of the state banking department.

Under the circumstances any statements of opinion by the plaintiffs cannot be charged as the superinducing cause of the defendants' acts, when the knowledge and the facts must have been equally within the possession of the defendants, and equally accessible to them. *Industrial Savings, &c., Co.* v. *Plummer,* 84 *N. J. Eq.* 184; *Byard* v. *Holmes,* 34 *N. J. L.* 296; *Brachert* v. *Griswold,* 112 *N. Y.* 454; *Southern Development Co.* v. *Silva,* 125 *U. S.* 247; 2 *Am. & Eng. Ann. Cas.* 997.

This situation places the defendants in the status of men fully conversant with the facts concerning the subject-matter, and dealing at arm's length with men no better informed than themselves, and possessing equal facilities for obtaining information. Mere loose expressions of opinion as to value, and the possibilities of the future under such circumstances, may as they often prove to be, mere irridescent dreams; but in the absence of positive fraud they present no legal basis for avoiding an otherwise valid obligation. "Every person," says Chancellor Kent, "reposes at his peril in the opinions of others when he has equal opportunity to form and exercise his own judgment. *Simplex conmendatio non obligat.*" 2 *Kent Com.* 486, and cases.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, BERGEN, MINTURN, KALISCH, BLACK, WHITE, WILLIAMS, JJ. 10.

*For reversal*—TRENCHARD, PARKER, HEPPENHEIMER, JJ. 3.